MOLLIE BARKER v. THE STATE.

No. 1434. Decided December 6, 1911.

**1.—Keeping Disorderly House—Married Woman—Principals.**

A married woman can in law be convicted as a principal with her husband in the commission of an offense, if the facts so justify and she not acting under coercion or duress, and where, in a prosecution against the wife for keeping a disorderly house, the testimony did not show that she was acting under coercion, etc., of her husband, there was no error in submitting the issue of principals in her case.

**2.—Same—Misdemeanor—Charge of Court.**

In a misdemeanor case where the appellant did not complain in motion for new trial of the failure of the court to submit his special charges, there was no error.

**3.—Same—Evidence—Reputation.**

In prosecutions for keeping a disorderly house, the general reputation of the house is admissible in evidence.

**4.—Same—Charge of Court—Bills of Exception.**

Where the bills of exception do not point out any error in the charge, and no complaint thereof was made in motion for new trial, the court certifying that no exception was taken to the charge of the court at the time of the trial, and no special charges were requested (this being a misdemeanor), there was no error.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*F. D. Cosby* and *W. T. Strange,* for appellant.—On the question of the court's charge on principals: Farrar v. State, 42 Texas, 265; Marshall v. State, 40 Texas, 200; Reed v. State, 29 Texas Crim. App., 449.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of reputation of the house: Forbes v. State, 35 Texas Crim. Rep., 24; Burton v. State, 16 Texas Crim. App., 156; Allen v. State, 15 Texas Crim. App., 320; Sylvester v. State, 42 Texas, 496.

On the question of the charge on principals: Houston v. State, 47 S. W. Rep., 468.

HARPER, JUDGE.—Appellant was prosecuted under information and complaint charging that she "did unlawfully and directly keep and was concerned in keeping a certain house, then and there situated, as a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation, and as a house kept for the purposes of prostitution."

The motion for a new trial contains but three grounds, all relating to the same matter. It alleges (1) that the court erred in instructing the jury upon the law of principals, claiming that no such issue was raised by the evidence, as the defendant was a married woman living with her husband; (2) that the evidence showing appellant is a married woman, living with her husband, who is the head of the family and controls the house, the evidence is insufficient to convict, and (3) that the defendant being a married woman, could not make a contract for renting or leasing premises upon which a disorderly house might exist.

A married woman can, in law, be convicted as a principal with her husband in the commission of an offense against the law, if the facts so justify, and she is not acting under coercion or duress, and that she was so acting is not suggested by the testimony. On the other hand, her husband testified that he rented the house, but when he was away from home, his wife (appellant) looked after the house and had control of it. The evidence justified the jury in finding that the house in question was one where prostitutes were permitted to resort for the purpose of plying their vocation, and one witness, policeman John Murray, testified that appellant admitted to him it was a house of prostitution, and admitted she was keeping it, but requested him not to tell her son that she was running such a house.

There are in the record three special charges requested by appellant, but in the motion for a new trial, appellant does not complain of the failure of the court to give them, and, of course, they can not be considered by this court, this being a conviction for a misdemeanor. How-

ever, we have read the charges, and insofar as they are applicable to the evidence, they were covered in the charge of the court given to the jury.

While not mentioned in the motion for a new trial, there are several bills of exception in the record complaining that certain witnesses were permitted to testify to the general reputation of the house in question, and it had the reputation of being a bawdy house, and a house where prostitutes resorted and resided. This question has been before this court in a number of cases, and this testimony held to be admissible in this character of case.

In bills of exception Nos. 7, 8, 9, 10 and 11, it is alleged that the court erred in certain paragraphs of his charge, but in the bill merely stating, "be it remembered that on the trial of the above cause, the court, over the objection of defendant, charged the jury as follows: . . . Defendant duly excepted to said charge and tenders this his bill of exception and prays that same be examined, approved and filed as a part of the record of this cause." Which bills are endorsed: "Approved with this qualification: No objection was made at the time the charge was given to the jury." Signed by the judge. This case was tried January 31, 1911. Motion for a new trial was overruled on same day, while these bills bear date March 24, 1911, and are not mentioned in the motion for new trial. In the first place, they do not point out any error in the charge, and can not be considered for this reason. (Pollard v. State, 58 Texas Crim. Rep., 299.) Again not being contained in the motion for a new trial, and the court certifying that no exception was taken at the time of the trial, and it further appearing that no special charge was requested in regard to the matters complained of in these bills, they present no error, this being a conviction under a misdemeanor charge.

Other matters are assigned in the brief not mentioned in the bills of exception, nor in the motion for a new trial, and, of course, we can not consider same.

The judgment is affirmed.

*Affirmed.*