MARIE WADE V. THE STATE.

No. 22940. Delivered November 22, 1944.

The opinion states the case.

*B. F. Whitworth*, of Houston, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted for possessing whiskey in a container to which no tax stamp was affixed, showing that the tax due the State had been paid, and her punishment was assessed at a fine of $200.00.

The facts are unusually short. The Sheriff of Cass County was the only witness. Appellant was a negro woman who lived with her husband. The sheriff went to their home. The husband was not there at the time: Appellant invited the sheriff into the house. He went in and asked appellant if she had any whiskey there. She replied in the negative. He then asked her if she objected to him looking around, and she told him, "No, sir, help yourself." He found four pints and four half pints of whiskey, none of which bore the stamp tax. This is all the evidence. It does not appear where in the house the liquor was found; whether it was apparently hidden or was in the open.

Appellant brings forward bills of exception complaining that the officer had no search warrant. This passes out of the case by reason of her consent to the search. The officer did not represent that he had a warrant, and in no way overreached or intimidated appellant into giving consent to the search. 38 Tex. Jur. p. 77, Sec. 53; Davidson v. State, 126 Tex. Cr. R. 572, 72 S. W. (2d) 591; Hernandez v. State, 137 Tex. Cr. R. 343, 129 S. W. (2d) 301; Dixon v. State, 108 Tex. Cr. R. 650, 2 S. W. (2d) 272.

It is appellant's contention that in the absence of evidence showing that the wife exercised any control or management of the whiskey in question, but only showed it to have been in the house occupied by her and her husband, the evidence falls short of supporting the conviction. He relies on Watson v. State, 114 Texas Crim. Rep. 117, 24 S. W. (2d) 830; Smith v. State, 90 Tex. Cr. R. 273, 234 S. W. 893; Gonzales v. State, 156 S. W. (2d) 988. As bearing on appellant's contention we note Peters v. State, 142 Tex. Cr. R. 146, 151 S. W. (2d) 592.

The authorities referred to sustain our conclusion that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded