LOIS GENTRY V. STATE.

No. 26,129. January 7, 1953.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant and her husband, Doyle Gentry, occupied, as their private residence, rooms connected with a filling station, which they operated. About eleven o'clock on the morning of April 15, 1952, agents of the Texas Liquor Control Board, armed with a search warrant, went to the station and residence and attempted to open the door to the residential part of the building. Finding the door locked, they forced entrance by breaking the lock. Inside the room they saw Doyle Gentry and noting appellant running to the rear of the building, one of the agents pursued

her and prevented her entry into a room in which a quantity of whisky and gin was afterwards found. It appears that the bottles of whisky and gin were placed upon and around the curbing of a well about forty feet in depth, where they could be easily knocked or pushed into the well and broken.

It was the state's theory that the appellant was, when prevented, attempting to destroy the whisky and gin through the medium mentioned.

This is the testimony upon which appellant was convicted and fined the sum of $750.

The appellant did not testify.

It is insisted that under the provisions of Art. 32, Vernon's P. C., the trial court should have instructed the jury that appellant could not have been assessed a fine in excess of $500, that being one-half of the $1,000 fine allowed to be assessed. Art. 666-41, Vernon's P. C.

Said article has application when the wife commits an offense by the command or persuasion of her husband, in which event her punishment shall be only one-half that which is ordinarily fixed.

There is no evidence, here, which would make applicable the provisions of the statute mentioned; there is nothing to show that what appellant was doing was at the command or persuasion of her husband. A married woman may be convicted as a principal with her husband in the commission of a crime. Barker v. State, 64 Tex. Cr. R. 106, 141 S. W. 529.

Here the facts are sufficient to warrant the jury's conclusion that the appellant, in the presence of the officers, was endeavoring to destroy the whisky and gin with which she and her husband were charged with possessing.

The judgment is affirmed.

Opinion approved by the court.