## MARY ELLEN YORK STOUT V. STATE

No. 31,586. March 2, 1960

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, *Alton R. Griffin,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is possession of beer in a dry area for the purpose of sale; the punishment, 45 days in jail and a fine of $300.00

In lieu of reciting the facts, we quote from appellant's bill of exception No. 1, omitting the formal parts, as follows:

"BE IT FURTHER REMEMBERED AND CERTIFIED that officers of the Texas Liquor Control Board of the State of Texas went to an address at 2519 26th Street in the City of Lubbock, and there, acting under the authority of a search warrant, searched a private residence and garage located appurtenant thereto. A search warrant was served upon the husband of the Defendant who answered the door at the time the officers knocked thereon, and who was present at all times during the search. So far as the State's evidence shows, the Defendant was present in the living room and the bedroom of the house which was shown to have been occupied by the Defendant and her husband, C. D. Stout. As above stated, the Defendant's husband, C. D. Stout, was present, answered the door at the time the officers presented themselves, accepted the search warrant, acknowledged to the officers that he had some beer in the house and throughout the search and since this time has maintained at all times that the beer belonged to him, that it was in his custody and possession and that he was exercising dominion thereover, and that the Defendant herself had absolutely nothing to do with the beer which formed the basis of this prosecution. The search of the residence revealed four cans of Schlitz Tall Boy beer in the refrigerator, one can was found on the coffee table, which can of beer the Defendant's husband himself was drinking, and in the garage located on the premises were found eighteen cases of Tall Boy Schlitz beer. The Defendant's husband at all times acknowledged to the officers that the beer belonged to him and said that the Defendant herself had absolutely nothing to do with the beer, had not purchased the same, had not touched the same except insofar as she might have inadvertently touched the cans of beer which were in the refrigerator as she placed other articles in the refrigerator itself. The officers all acknowledged that they had never seen the Defendant touch any of the beer in question, had never even seen her in close proximity thereto and all testified that the *Defendant himself* (sic) told the officers at the time of the search that the beer belonged to him, that he had purchased it and that the Defendant herself did not even know that he had purchased the beer until he brought it to their home, and that she had never had anything to do with the possession or custody of the beer since that time. Only four cans of beer were found in the house itself, except for the can which the Defendant's husband was drinking, and the remainder of the beer, some eighteen cases, was found in a garage out beside the house. The Defendant's husband testified that he had purchased the beer in New Mexico and produced cash receipts which he said were receipts for the

purchase of the beer. These were admitted into evidence and are to be found as Defendant's Exhibit No. 1 at Page 93 of the Statement of Facts. He further testififed that he had the beer in question for a party and which he contemplated giving for used car salesmen and dealers, the evidence showing that he was a used car salesman. He further testified that he had been filed on for the possession of the very same beer but that the jury had acquitted him.

"The officers who testified for the State testified to no more than the finding of the beer on the premises where the Defendant and her husband were both present at the time of the search. None of the officers testified to finding the Defendant herself in physical custody of any of the beer and the only testimony or evidence to prove the Defendant guilty of possessing the beer in question was that proof which showed that she was present in the home occupied by her and her husband at the time of the search. The evidence showed that she was either in the living room or the bedroom of said home and never showed her to be any other place on the premises during the time that the officers were present and searched. Defendant was never shown to be any closer to the liquor in question than to be in the living room and front room of the home in which four cans of beer were found in the refrigerator which was located in the kitchen of the house. There was no testimony that the Defendant had ever sold or attempted to sell any liquor and except as herein shown, there was no evidence to show that this Defendant had any connection with said liquor.

\* \* \* \* \*

"To the action of the Court in overruling her motion for an instructed verdict, the Defendant excepted and here now excepts to the insufficiency of the evidence to prove the Defendant guilty as charged.\*\*\*"

Reliance is had upon Watson v. State, 114 Tex. Cr. Rep. 117, 24 S.W. 2d 830, and Wade v. State, 147 Tex. Cr. Rep. 613, 183 S.W. 2d 576. The state asks that we overrule the above authorities and adopt Judge Lattimore's dissent in Watson. This we decline to do. Recently, in Boyte v. State 160 Tex. Cr. Rep. 440, 272 S.W. 2d 100, we said:

"There is an entire absence of any showing that the appellant exercised any control or management of the

liquor in question so as to implicate her rather than her husband.

"In Wade v. State 147 Tex. Cr. R. 613, 183 S.W. 2d 576; Gonzales v. State, 143 Tex. Cr. R. 48, 156 S.W. 2d 988; Peters v. State, 142 Tex. Cr. R. 146, 151 S.W. 2d 592; Watson v. State, 114 Tex. Cr. R. 117, 24 S.W. 2d 830; and Smith v. State, 90 Tex. Cr. R. 273, 234 S.W. 893, we have held such evidence insufficient to support the conviction."

Finding the evidence insufficient to support the conviction, the judgement is reversed and the cause is remanded.