The evidence is sufficient to support the conviction.

The contention presented for the first time in this court is that the information is fatally defective because it did not allege the affirmative findings of the court on which the order of suspension was based.

An examination of the information reveals no fatal defects and its allegations sufficiently apprise the accused of the offense charged. The contention is overruled. Billingslea v. State, 160 Tex.Cr.R. 244, 268 S.W.2d 668; Rushing v. State, 161 Tex. Cr.R. 334, 277 S.W.2d 104.

The complaint that Officer Brown was permitted to testify that the appellant told him that his license had been suspended on the ground that he was under arrest cannot be sustained as the evidence fails to show that he was at that time under arrest.

The judgment is affirmed.

Opinion approved by the Court.

Juan Ruiz MORENO, Appellant,

v.

STATE of Texas, Appellee.

No. 32432.

Court of Criminal Appeals of Texas.

Nov. 23, 1960.

Clyde W. Woody, Houston, for appellant.

Dan Walton, Dist. Atty., Samuel H. Robertson, Jr., Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful possession of heroin; the punishment, 35 years.

Officers made a search of appellant's home at 4610 Weaver Street and also searched the premises which the evidence shows was occupied by appellant's mother and brother, at 4605 Plagg Street.

In the toilet located in a small building in the rear of the Plagg Street house, which was also adjacent to the rear but offset from the premises of appellant, the officers found eight papers of heroin.

Appellant came to the rear of his home while the search was in progress and started running away, but was arrested and thereafter signed a voluntary statement confessing his ownership of the heroin and stating that he had hidden it in the toilet on his mother's premises where it was found.

The searches were made under authority of two search warrants describing the respective premises. The first warrant directed the search of the premises at 4610 Weaver Road. After describing the premises the warrant recited "* * * and being the building, house or place of Juan R. Moreno, a Mexican male, and other person or persons unknown to the affiants by name, identity, or description."

The second warrant directed the search of the building and outbuilding located at 4605 Plagg Street, in the City of Houston, and further recited "and being the building, house or place of unknown Mexican male and unknown Mexican female and other person or persons unknown to the affiants by name, identity or description."

In addition to objecting to the evidence relating to the search and the fruits thereof, appellant objected to the introduction of his confession, contending that it was obtained as a result of his illegal arrest.

■ As we understand the record, the trial judge ruled that the portions of the search warrants above quoted were void because in the disjunctive. We do not agree. Similar warrants were found sufficient in Moses v. State, Tex.Cr.App., 328 S.W.2d 885; King v. State, Tex.Cr.App., 335 S.W.2d 378; and Tomlin v. State, Tex. Cr.App., 338 S.W.2d 735.

We do agree that the trial judge was correct in admitting the evidence relating to the search and the fruits thereof, and in admitting appellant's confession.

■ The trial court's rulings being correct, though for an incorrect reason, will not be disturbed. Parsons v. State, 160 Tex.Cr.R. 387, 271 S.W.2d 643, 655.

■ The contention that the chemist read his record of the analysis of the heroin into evidence is not supported by the record. He was properly permitted to refer to his record upon his testifying that he did not have an independent recollection of the analysis without referring to such record.

While the state's witness Hightower was testifying appellant requested that he be shown the original or a copy of a report the witness had made, and which was in the possession of the prosecuting attorney.

After the attorney for the state declined to produce the report unless appellant would offer it in evidence, and after the trial court had declined to order that the report

be produced, appellant took no further action and made no effort to thereafter have the statement produced for the purpose of the record, or to otherwise show injury.

In the absence of injury or prejudice, the failure of the court to require the production of a prior statement of a witness not used or exhibited during the trial is not ground for reversal. See Blum v. State, Tex.Cr.App., 317 S.W.2d 931.

In Wiley v. State, Tex.Cr.App., 332 S.W. 2d 725, cited by appellant, we said that certain written statements should have been produced. This was not a holding that injury had been shown. Our holding was that such statements should have been made available for the record for the purpose of showing injury, if there was injury.

The judgment is affirmed.