Wayne **EVANS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42465.

Court of Criminal Appeals of Texas.

July 22, 1970.

---

Thomas E. Lucas, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Ted Busch, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is unlawful possession of heroin; the punishment, enhanced under Art. 63 P.C., life.

The record reflects that on the morning of August 19, 1966, Houston Police Officers R. Y. Garcia and B. W. Halm, assigned to the Narcotics Division, received information from an informant from whom they had previously received information in relation to criminal offenses which had proved reliable in every instance, that appellant would have a quantity of marihuana at his house for sale and use. The officers proceeded to the address or location given by the informer and placed appellant's home under surveillance from about 8 A.M. to about 10:30 A.M., during which time they observed three known users of narcotics each separately go to the apartment, stay a short while and leave.

The officers then returned to the station and obtained a narcotics search warrant for appellant's home.

The search warrant was executed shortly after 1 P.M. and Officer Wells, who assisted in the search, found heroin, traces of marihuana and a disposable syringe on the top shelf of the closet in the back bedroom.

Appellant's ground of error No. 1 complains that the court erred in admitting the evidence obtained under the search warrant because the affidavit supporting the issuance thereof was insufficient to establish probable cause.

Though not recommended as a model, the affidavit is in the form that has been used in many searches in the Harris County area and has been upheld by this

court against similar attacks in cases such as Brown v. State, Tex.Cr.App., 437 S.W. 2d 828, cert. denied, 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782; Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435, cert. denied, 387 U.S. 925, 87 S.Ct. 2044, 18 L.Ed.2d 982; Bosley v. State, Tex.Cr.App., 414 S. W.2d 468; and Acosta v. State, Tex.Cr. App., 403 S.W.2d 434, cert. denied, 386 U. S. 1008, 87 S.Ct. 1352, 18 L.Ed.2d 449.

See also Gonzales v. Beto and Acosta v. Beto (5th Cir.) 425 F.2d 963, affirming Acosta v. Beto, D. C., 297 F.Supp. 89 and Gonzales v. Beto. See also Schutz v. United States (10th Cir.) 395 F.2d 225, cert. denied, 394 U.S. 946, 89 S.Ct. 1279, 22 L.Ed.2d 479. (The Supreme Court denied certiorari in Acosta and denied certiorari in Brown and Schutz, supra, since the opinion in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, cited by appellant, was handed down.)

Ground of error No. 2 complains that the state failed to prove possession by appellant of the heroin found by Officer Wells during the search.

 Testimony was elicited by appellant's counsel from Officer Wells that, in the same room where the heroin was, he found some men's clothes. From their size and the fact that appellant was the only grown male living there and the only grown male in the house at the time, he concluded that they were appellant's clothes and that appellant lived there and used the back bedroom.

The state offered testimony to the effect that appellant was under the influence of narcotics at the time of his arrest.

 Possession in a narcotics case need not be exclusive. Gomez v. State, Tex.Cr. App., 365 S.W.2d 165; King v. State, 169 Tex.Cr.R. 34, 335 S.W.2d 378.

 The remaining ground of error does not comply with the requirements of Art. 40.09 Vernon's Ann.C.C.P. in that it sets out various items of testimony admitted over objection and remarks of counsel in argument, to which objection was made, in a single ground of error. Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348.

The judgment is affirmed.