**Leonard ROMERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44219.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 26, 1972.

M. N. Garcia, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells and Phoebe Lester, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of narcotic paraphernalia where the punishment was assessed at 20 years. The trial was before the court on a plea of not guilty following a waiver of trial by jury.

The appellant challenges the sufficiency of the evidence to sustain the conviction.

Sgt. Jerry Spain of the Austin Police Department testified he executed a search warrant at appellant's house at 204 Attayac on December 4, 1969. He related that upon entering the house he saw the appellant try to throw a hypodermic needle and syringe out a window, but it fell to the floor and he recovered such items. Sgt. Robert Jones also saw the appellant throw the paraphernalia and he corroborated Spain's testimony. The chain of custody was established and the chemist's testimony showed the paraphernalia recovered bore traces of heroin.

Pedro Alaya, a defense witness, testified that he was the one who threw the paraphernalia although he did not think anyone saw him do so. He claimed the "rig" as his.

Terry De La Rosa testified she lived at the address in question with the appellant on December 4, 1969; that only she and Alaya had used the paraphernalia. She testified that when the police entered the house she was in the kitchen and the appellant was outdoors, then she related he "was in the restroom" and still later "in the bedroom." She admitted she could not see what the appellant was doing at the time.

The case was tried before the court and the trial judge was the trier of the facts, the

judge of the credibility of the witnesses and the weight to be given their testimony.

Further, possession of narcotics or narcotic paraphernalia need not be exclusive. See Evans v. State, Tex.Cr.App., 456 S.W.2d 911; Gomez v. State, Tex.Cr.App., 365 S.W.2d 165; King v. State, 169 Tex.Cr. R. 34, 335 S.W.2d 378; Perry v. State, 164 Tex.Cr.R. 122, 297 S.W.2d 187. Facts and circumstances may be sufficient to show the accused and others acted together in the possession of narcotics or narcotic paraphernalia.

The evidence is sufficient to support the judgment.

The judgment is affirmed.