IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1873-11






THE STATE OF TEXAS



v.



CARLOS ESPARZA, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Keller, P.J., filed a concurring opinion in which Keasler and Hervey, JJ.,
joined.


 Appellee argues that, because he won at the suppression hearing, he should be allowed to
take advantage of what the Court calls the Calloway (1) rule: that a trial court's ruling may be upheld
on any theory of law applicable to the case. Appellee's motion to suppress listed a number of
reasons to suppress the evidence, including that it was illegally obtained, but he wishes to have the
suppression of the evidence upheld on a basis not alleged in the motion: that the State failed to
establish reliability under Rule 702. (2) The Court resolves the issue by analyzing the relative burdens
of the parties with respect to a Rule 702 complaint. I write separately to suggest a simpler resolution
of the question before us.

 The so-called Calloway rule can be traced back at least as far as the Supreme Court's
decision in United States v. American R. Express Co. (3) There, the Supreme Court explained that a
non-appealing party can raise any argument in support of a final decree. (4) In the traditional setting
in which the Calloway rule has been applied in criminal cases, a defendant has been convicted and
is appealing the judgment of conviction. Such a judgment qualifies as a "final decree" under the rule
set out by the Supreme Court. A ruling made during the proceedings leading to that judgment must
ordinarily be upheld if any legal basis supports it. (5) Occasionally, a defendant may take advantage
of the Calloway rule when he obtains a final decree that can be appealed by the State, such as the
quashing of an information. (6)

 But a trial court's ruling on a motion to suppress is not a final decree; it is an interlocutory
decree that is subject to revision at any time before the trial ends. (7) Article 44.01 allows the State to
appeal such a ruling under certain circumstances, (8) but that does not change the fact that the ruling
is interlocutory. (9) Because a ruling on a motion to suppress is not a final decree, the Calloway rule,
which concerns challenges to a final decree, does not apply in a State's interlocutory appeal of such
a ruling. Instead, an interlocutory appeal of a ruling that grants a motion to suppress is concerned
only with whether the trial court properly sustained the specific allegations that were actually made
in the motion. (10) 

 Part of the reason for the Calloway rule is that, in an adversary system, when a ruling is made
during trial, courts expect the losing party to complain, not the winning party. A practical reality of
the system is that a party that obtains a favorable ruling from the trial court often has little incentive
to conjure up additional reasons for why the trial court should have ruled the way it did. Nor would
it be efficient for the prevailing party to do so, as most trial court rulings are correct, and requiring
the prevailing party to articulate to the trial court all possible reasons for upholding the ruling would
generally be a waste of time. But if, in an appeal after trial, the appellate court disagrees with the
reasons articulated by the prevailing party at trial, the prevailing party no longer has the ability to
inform the trial court of additional reasons for ruling in his favor--unless the appellate court orders
additional trial proceedings (e.g. reversal of the conviction, retrospective hearing), which appellate
courts are reluctant to do without compelling reasons. Generally, appellate courts will not find
compelling reasons to order further trial proceedings if the record reveals a valid legal basis for
upholding the trial court's ruling, even if that basis was not articulated to the trial court. (11)

 But when the appeal is interlocutory, as is the case with a State's appeal from the granting
of a motion to suppress, the trial is not over. Further proceedings will occur in the trial court
regardless of how the appeal is resolved. If the appellate court determines that the prevailing party's
particular argument in the trial court was unsound, the prevailing party still has the ability to make
further arguments to the trial court when the case returns to the trial court after the appeal. (12) The
evidence might be excluded at trial on another basis, or if the evidence cannot be excluded in its
entirety, the party might be able to articulate a reason for excluding a portion of the evidence. (13) 

 A pretrial ruling on a motion to suppress is not a final determination by the trial court on all
possible reasons for admitting or excluding the evidence; rather, it is simply a determination of
whether the evidence should be excluded on a particular basis. It is only when the trial ends that all
of the trial court's earlier rulings become fixed, and as a consequence, all possible reasons for
sustaining those rulings are implicated. The whole point of allowing an interlocutory appeal is to
allow a discrete issue or issues to be litigated early, before the trial has ended. This type of appeal
is not designed to resolve all possible bases upon which evidence may be admissible or inadmissible,
as some bases for admitting or excluding the evidence in question may yet turn on events occurring
at the trial level after the interlocutory appeal has been resolved. 

 With these comments, I concur in the Court's judgment.

Filed: October 30, 2013

Publish
1. 743 S.W.2d 645 (Tex. Crim. App. 1988).
2. See Tex. R. Evid. 702 ("If scientific, technical, or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training, or education may testify thereto in the form of an
opinion or otherwise.").
3. 265 U.S. 425 (1924). See Calloway v. State, 743 S.W.2d 645, 651-52 (Tex. Crim. App.
1988) (citing Moreno v. State, 170 Tex. Crim. 410, 341 S.W.2d 455 (1960)); Moreno, 170 Tex.
Crim. at 411, 341 S.W.2d at 456 (citing Parsons v. State, 160 Tex. Crim. 387, 271 S.W. 2d 643
(1954) (op. on mot. for reh'g)); Parsons, 160 Tex. Crim. at 404-05, 271 S.W.2d at 655 (citing and
quoting Helvering v. Gowran, 302 U.S. 238 (1937)); Gowran, 302 U.S. at 245 (citing United States
v. American R. Express Co.
). Calling this rule the "Calloway rule" is somewhat a misnomer since
the rule is much older than Calloway. But, for ease of reference, I will follow the Court's convention
of referring to it as the "Calloway rule." 
4. 265 U.S. at 435 ("
It is true that a party who does not appeal from a final decree of the trial
court cannot be heard in opposition thereto when the case is brought here by the appeal of the
adverse party. In other words, the appellee may not attack the decree with a view either to enlarging
his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to
correct an error or to supplement the decree with respect to a matter not dealt with below. But it is
likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any
matter appearing in the record, although his argument may involve an attack upon the reasoning of
the lower court or an insistence upon matter overlooked or ignored by it.").
5. See cases cited supra note 3.
6. See State v. Rhine, 297 S.W.3d 301, 304 (Tex. Crim. App. 2009); id. at 314 (Keller, P.J.,
concurring).
7. Black v. State, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). 
8. Tex. Code Crim. Proc. art. 44.01(a)(5).
9. See State v. Chupik, 343 S.W.3d 144, 149 (Tex. Crim. App. 2011); State v. Elias, 339
S.W.3d 667, 679 n.37 (Tex. Crim. App. 2011); State v. Morgan, 160 S.W.3d 1, 4-5 (Tex. Crim. App.
2004). 
10. An interlocutory appeal of suppression issues might possibly include matters that were
consensually litigated at the pretrial suppression hearing, even though they were not contained in the
motion. The State, however, may have a valid objection to litigating matters not alleged in the
motion on basis that the State was not given notice that it would have to defend against such matters.
11. See Parsons v. State, 271 S.W.2d at 404 ("If a trial court rules correctly but for an
incorrect reason, we nevertheless support his ruling for the simple reason that the appellant has not
been injured.").
12. See Bosley v. State, 414 S.W.2d 468, 470 (Tex. Crim. App. 1967) (Although preliminary
matters, such as a motion to suppress, must be raised at a pretrial hearing if one is held, this does not
limit a defendant's ability to make objections to evidence at trial.). See also Ross v. State, 678
S.W.2d 491, 493 (Tex. Crim. App. 1984) (citing Bosley).
13. That different legal bases for excluding evidence may affect the scope of the evidence
excluded is one illustration of the problematic nature of applying the Calloway rule to interlocutory
appeals. If an appellate court decides that the trial court erred in sustaining an allegation that the
evidence was illegally obtained, would the Calloway rule, if it applied, require the appellate court
to nevertheless pick through the evidence and exclude portions that are inadmissible on other bases,
such as hearsay?