

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1873-11

### THE STATE OF TEXAS

### v.

### CARLOS ESPARZA, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

**KELLER, P.J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.**

Appellee argues that, because he won at the suppression hearing, he should be allowed to take advantage of what the Court calls the *Calloway*[1] rule: that a trial court's ruling may be upheld on any theory of law applicable to the case. Appellee's motion to suppress listed a number of reasons to suppress the evidence, including that it was illegally obtained, but he wishes to have the suppression of the evidence upheld on a basis not alleged in the motion: that the State failed to

---

[1] 743 S.W.2d 645 (Tex. Crim. App. 1988).

establish reliability under Rule 702.[2]  The Court resolves the issue by analyzing the relative burdens

of the parties with respect to a Rule 702 complaint.  I write separately to suggest a simpler resolution

of the question before us.

The so-called *Calloway* rule can be traced back at least as far as the Supreme Court's

decision in *United States v. American R. Express Co.*[3]  There, the Supreme Court explained that a

non-appealing party can raise any argument in support of a final decree.[4]  In the traditional setting

in which the *Calloway* rule has been applied in criminal cases, a defendant has been convicted and

is appealing the judgment of conviction.  Such a judgment qualifies as a "final decree" under the rule

set out by the Supreme Court.  A ruling made during the proceedings leading to that judgment must

---

[2]  *See* TEX. R. EVID. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.").

[3]  265 U.S. 425 (1924).  *See Calloway v. State*, 743 S.W.2d 645, 651-52 (Tex. Crim. App. 1988) (citing *Moreno v. State*, 170 Tex. Crim. 410, 341 S.W.2d 455 (1960)); *Moreno*, 170 Tex. Crim. at 411, 341 S.W.2d at 456 (citing *Parsons v. State*, 160 Tex. Crim. 387, 271 S.W. 2d 643 (1954) (op. on mot. for reh'g)); *Parsons*, 160 Tex. Crim. at 404-05, 271 S.W.2d at 655 (citing and quoting *Helvering v. Gowran*, 302 U.S. 238 (1937)); *Gowran*, 302 U.S. at 245 (citing *United States v. American R. Express Co.*).  Calling this rule the "*Calloway* rule" is somewhat a misnomer since the rule is much older than *Calloway*.  But, for ease of reference, I will follow the Court's convention of referring to it as the "*Calloway* rule."

[4]  265 U.S. at 435 ("It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.").

ordinarily be upheld if any legal basis supports it.[5] Occasionally, a defendant may take advantage of the *Calloway* rule when he obtains a final decree that can be appealed by the State, such as the quashing of an information.[6]

But a trial court's ruling on a motion to suppress is *not* a final decree; it is an interlocutory decree that is subject to revision at any time before the trial ends.[7] Article 44.01 allows the State to appeal such a ruling under certain circumstances,[8] but that does not change the fact that the ruling is interlocutory.[9] Because a ruling on a motion to suppress is not a final decree, the *Calloway* rule, which concerns challenges to a final decree, does not apply in a State's interlocutory appeal of such a ruling. Instead, an interlocutory appeal of a ruling that grants a motion to suppress is concerned only with whether the trial court properly sustained the specific allegations that were actually made in the motion.[10]

Part of the reason for the *Calloway* rule is that, in an adversary system, when a ruling is made during trial, courts expect the losing party to complain, not the winning party. A practical reality of

---

[5] *See* cases cited *supra* note 3.

[6] *See State v. Rhine*, 297 S.W.3d 301, 304 (Tex. Crim. App. 2009); *id.* at 314 (Keller, P.J., concurring).

[7] *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012).

[8] TEX. CODE CRIM. PROC. art. 44.01(a)(5).

[9] *See State v. Chupik*, 343 S.W.3d 144, 149 (Tex. Crim. App. 2011); *State v. Elias*, 339 S.W.3d 667, 679 n.37 (Tex. Crim. App. 2011); *State v. Morgan*, 160 S.W.3d 1, 4-5 (Tex. Crim. App. 2004).

[10] An interlocutory appeal of suppression issues might possibly include matters that were consensually litigated at the pretrial suppression hearing, even though they were not contained in the motion. The State, however, may have a valid objection to litigating matters not alleged in the motion on basis that the State was not given notice that it would have to defend against such matters.

the system is that a party that obtains a favorable ruling from the trial court often has little incentive to conjure up additional reasons for why the trial court should have ruled the way it did. Nor would it be efficient for the prevailing party to do so, as most trial court rulings are correct, and requiring the prevailing party to articulate to the trial court all possible reasons for upholding the ruling would generally be a waste of time. But if, in an appeal after trial, the appellate court disagrees with the reasons articulated by the prevailing party at trial, the prevailing party no longer has the ability to inform the trial court of additional reasons for ruling in his favor—unless the appellate court orders additional trial proceedings (e.g. reversal of the conviction, retrospective hearing), which appellate courts are reluctant to do without compelling reasons. Generally, appellate courts will not find compelling reasons to order further trial proceedings if the record reveals a valid legal basis for upholding the trial court's ruling, even if that basis was not articulated to the trial court.[11]

But when the appeal is interlocutory, as is the case with a State's appeal from the granting of a motion to suppress, the trial is not over. Further proceedings will occur in the trial court regardless of how the appeal is resolved. If the appellate court determines that the prevailing party's particular argument in the trial court was unsound, the prevailing party still has the ability to make further arguments to the trial court when the case returns to the trial court after the appeal.[12] The evidence might be excluded at trial on another basis, or if the evidence cannot be excluded in its

---

[11] *See Parsons v. State*, 271 S.W.2d at 404 ("If a trial court rules correctly but for an incorrect reason, we nevertheless support his ruling for the simple reason that the appellant has not been injured.").

[12] *See Bosley v. State*, 414 S.W.2d 468, 470 (Tex. Crim. App. 1967) (Although preliminary matters, such as a motion to suppress, must be raised at a pretrial hearing if one is held, this does not limit a defendant's ability to make objections to evidence at trial.). *See also Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984) (citing *Bosley*).

entirety, the party might be able to articulate a reason for excluding a portion of the evidence.[13]

A pretrial ruling on a motion to suppress is not a final determination by the trial court on all possible reasons for admitting or excluding the evidence; rather, it is simply a determination of whether the evidence should be excluded on a particular basis. It is only when the trial ends that all of the trial court's earlier rulings become fixed, and as a consequence, all possible reasons for sustaining those rulings are implicated. The whole point of allowing an interlocutory appeal is to allow a discrete issue or issues to be litigated early, before the trial has ended. This type of appeal is not designed to resolve all possible bases upon which evidence may be admissible or inadmissible, as some bases for admitting or excluding the evidence in question may yet turn on events occurring at the trial level after the interlocutory appeal has been resolved.

With these comments, I concur in the Court's judgment.

Filed: October 30, 2013
Publish

---

[13] That different legal bases for excluding evidence may affect the scope of the evidence excluded is one illustration of the problematic nature of applying the *Calloway* rule to interlocutory appeals. If an appellate court decides that the trial court erred in sustaining an allegation that the evidence was illegally obtained, would the *Calloway* rule, if it applied, require the appellate court to nevertheless pick through the evidence and exclude portions that are inadmissible on other bases, such as hearsay?