## U. E. HILL v. THE STATE.

No. 7758. Decided May 30, 1923.

Rehearing denied October 31. 1923.

1.—Selling Intoxicating Liquor—Severance—Rule Stated.

The offenses involved not being the same the court sees no reason why the defendant might not have used the other defendant as a witness in his behalf, and there was no error in overruling the motion for severance.

2.—Same—Intoxicant—Whisky—Sufficiency of the Evidence.

Where defendant complained of the lack of knowledge of the State's witness as to the character of the contents of said jars, it appeared to the witnesses who tasted the liquor that it was whisky, there was no reversible error in other testimony that the fruit jars exhibited before the jury contained whisky, and the evidence being sufficient to support the conviction there was no reversible error.

3.—Same—Rehearing—Indictment—Other Offenses.

Where the indictment contained three counts, and that charging the sale of intoxicating liquor, was alone submitted to the jury, the others were thereby abandoned, and there was no reversible error.

4.—Same—Severance—Different Offenses.

Where the defendant was charged by separate indictment, for selling intoxicating liquor, and another was charged by separate indictment for manufacturing and possessing intoxicating liquor, there was no reversible error in overruling defendant's motion to sever. Following Cotton v. State, 92 Texas Crim. Rep., 594.

5.—Same—Intoxicant—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error.

Appeal from the Criminal District Court of Dallas.    Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett* and *L. P. DeLee* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Dallas County of the offense of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Complaint is made of the refusal of the trial court to require the State to try one S. H. Hill before proceeding with the trial of appellant. Appellant presented this in the form of a written request in which it was stated that S. H. Hill was indicted in cause No. 6464 entitled The State of Texas vs. S. H. Hill, for an offense growing out of the same transaction involved in the instant prosecution, and it is stated in said motion that petitioner believes there is not sufficient evidence to secure the conviction of said Hill and that his testimony is material to the defendant's cause. The bill of exceptions is qualified by a statement of the learned trial judge in terms that S. H. Hill was not charged with the same offense for which appellant was tried. It is made to appear that said S. H. Hill was charged with the manufacture of intoxicating liquor and the possession of same for purposes of sale, and that he was not charged with selling liquor. The court in the indictment against the appellant upon which this trial was had charged him with the sale of liquor to one W. D. Fannin. The offenses involved not being the same, we see no reason why the appellant might not have used S. H. Hill as a witness in his behalf. It is further made to appear by the qualification of the trial court that when this motion was presented the district attorney announced to the court that the State relied only on the third count in the indictment. We see no error in the ruling of the court below in view of the qualification mentioned. The offenses charged against S. H. Hill, as stated above, were manufacturing in one count, and in another the possession for purposes of sale, of intoxicating liquor. The offense charged against appellant was the sale of intoxicating liquor. Appellant was not charged as an accessory, accomplice or a principal to the offenses charged against S. H. Hill, nor was S. H.

Hill indicted for any character of complicity in the offense charged against appellant. In no legal sense known to us could it be said that the offense charged against either grew out of the same transaction charged against the other.

Appellant complains of the action of the learned trial judge in permitting the State to prove by witness Fannin, McClure and Bradshaw that the liquor contained in certain fruit jars exhibited before the jury was whisky. As we understand it appellant's complaints are based on the question of the lack of knowledge of said witnesses as to the character of the contents of said jars. We observe that witness Fannin testified that about the date alleged in the indictment he bought from appellant certain whisky, paying him therefor the sum of ten dollars. Certain half-gallon fruit jars were brought into court and exhibited to witness, who said that he had seen them before and that the liquor in said fruit jars was whisky and that it looked like some stuff he bought from appellant. He testified that when he got to town after purchasing the whisky, that he turned it over to the jailer, Mr. Wilson; that Mr. Seale was with him at the time.

Mr. Bradshaw was used as a witness for the State and testified that Mr. Seale and Mr. Wilson delivered to him about the date alleged in the indictment the fruit jars of liquor that were exhibited before the jury. He said that in his opinion the liquor in the jars was whisky. Another witness, Mr. McClure, testified that he had tasted the liquor and that it was whisky. We see no error in permitting said witnesses to testify that the liquor bought from appellant and exhibited before the jury was whisky.

We regret our inability to agree with appellant's contention that the evidence does not support the verdict.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

October 31, 1923.

MORROW, PRESIDING JUDGE.—The indictment contains three counts; the first charging the manufacture of intoxicating liquor; the second, the unlawful possession of intoxicating liquor; and the third, the sale of intoxicating liquor to W. D. Fannin. That charging the sale was alone submitted to the jury; the others were abandoned.

S. H. Hill was charged by separate indictment containing two counts, the first, of the manufacture of intoxicating liquor; the second, of the possession of intoxicating liquor. S. H. Hill not being

charged with connection with the sale of the intoxicating liquor to Fannin, there was no error in overruling the motion to sever. The reasons for such ruling and the citation of authorities will be found in Cotton's case, 92 Texas Crim. Rep., 594; see also Aven v. State, on motion for rehearing, 95 Texas Crim. Rep., 155, 253 S. W. Rep., 524.

The evidence that the liquor sold to Fannin was intoxicating is deemed sufficient. See Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534.

The motion for rehearing is overruled.

*Overruled.*