## TAS FRENCH v. THE STATE.

No. 7851.   Delivered November 19, 1924.

Rehearing denied January 14, 1925.

**1.—Sale of Intoxicating Liquors—Bystanders' Bills—Of Two Persons Not Sufficient.**

Bystanders' bills of exception will not be considered when sworn to by only two persons.  Rev. St., Art. 2067, requires three.

**2. Same—Indictment—Sufficient—Motion to Quash—Properly Denied.'**

Chap. 78, Acts of 36th Leg., 2d C. S., and the amendments in Chap. 61, Acts of 37th Leg., 1st C. S., under which this prosecution is brought, has repeatedly been held valid, including that phase which denies the privilege of a suspended sentence to one above the age of twenty-five years, and the motion to quash the indictment was properly refused.  See Davis v. State 246 S. W. Rep. 395.

**3.—Same—Indictment—Motion to Quash—Not Duplicitous.**

Where motion to quash is based on facts upon which evidence is heard by the trial court, it is presumed that his action in refusing motion was correct.  Charging the sale of "spirituous, vinous, and malt liquors capable of producing intoxication" is not duplicitous.

**4.—Same—Severance—Properly Refused.**

A motion for severance to make available the testimony of a witness under indictment for a different offense, is properly refused.  Manufacturing intoxicating liquors, and possessing premises for storing liquor are separate and distinct offenses.  It would have been necessary that the witness be charged with the same offense as that for which appellant was on trial. See Clark v. State, 81 Tex. Crim. Rep: 157 and cases cited therein.

**5.—Same—Motion to Quash Jury Panel—Properly Refused.**

Where the evidence produced in support of a motion to quash a jury panel is not presented and brought before us, it is presumed that the ruling was correct.

**6.—Same—Jury Wheel—Validity of Statute.**

The validity of the statute pertaining to the use of the jury wheel (Sec. 660, C. C. P.) has been heretofore upheld.  See Vernon's Tex. Crim. Stats., Vol. 2, p. 356.

**7.—Same—Former Acquittal and Conviction—Plea of, Properly Refused.**

It was not error for trial court to overrule demurrer to pleas of former acquittal, and former conviction before reading to the jury, when on agreement of counsel the court reserved rulings on exceptions to these pleas, until evidence was heard and no exception was taken to his refusal to submit the pleas.

**8.—Same—Charge of Court—Issue of Sale—Properly Presented.**

The indictment contains but one count and the truth of the averment that appellant had sold intoxicating liquor to the witness Tom Menefee, was

the sole issue for the jury and was properly submitted to them in the court's charge.

**9.—Same—Insanity of Witness—Question for Trial Court.**

Where the competency of a witness is challenged on the ground that he is insane, the decision of the trial court will be sustained, unless by proper bill it is made to appear that the discretion of the court was abused.

·        ON MOTION FOR REHEARING.

**10.—Same—Misconduct of Jury—Not Shown.**

When evidence was introduced upon the trial that appellant had been formerly convicted, it was not error for a juror to mention the fact, while the jury was in retirement.

Appeal from the District Court of Travis County.   Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for sale of intoxicating liquor; penalty, two years in the penitentiary.

*R. A. Brooks* and *J. F. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment named Tom Menefee as the purchaser and he gave testimony which, if believed, is sufficient to support the verdict.

Several bystanders' bills  are not in shape for consideration for the reason that they are sworn to by only two persons, whereas the law requires three.   R. S., Art. 2067.

There was no error in refusing to quash the indictment.  The statute upon which it was founded (Chap. 78, Acts of 36th Leg., 2nd Called Sess., and the amendments in Chap. 61, Acts of 37th Leg., 1st Called Sess.), has repeatedly been held valid, including that phase which denies the privilege of a suspended sentence to one above the age of twenty-five years.   See Davis v. State, 246 S. W. Rep., 395.

The averments in the motion to quash setting up matters of fact were, according to the bill as qualified, met by evidence, which is not produced here, upon which the trial court determined the averments to be untrue.   In charging the sale of "spirituous, vinous and malt liquors capable of producing intoxication," the indictment was not rendered duplicitous.   See Trevinio v. State, 93 Texas Crim. Rep., 439.

A motion for severance was made asserting that Ed French was under indictment for the unlawful possession of intoxicating liquors, for the unlawful manufacture of such liquors, and for the possession

of premises kept for the purpose of unlawfully storing intoxicating liquors. The motion contained an averment that the separate indictments against Ed. French grew out of the same transaction as that upon which the appellant was prosecuted. The appellant was on trial for the unlawful sale of intoxicating liquors, which in law is an offense entirely distinct from those with which Ed French was charged. According to the averments in the motions to sever, the purpose of the motion was to make available to the appellant the testimony of Ed French. As we understand the law, there was nothing in the facts averred which would have disqualified Ed French as a witness in the appellant's case. To disqualify Ed French, it would have been necessary that he be charged with the same offense as that for which the appellant was on trial. See Clark v. State, 81 Texas Crim. Rep., 157, and precedents therein cited.

The motion to quash the jury panel raised questions of fact which, on the hearing thereof, were determined by the trial court against the appellant. The evidence not having been preserved, the presumption that the ruling was correct must prevail.

The appellant's attack upon the validity of the statute pertaining to the use of the jury wheel (Sec. 660, C. C. P.), is the same as that which has heretofore been rejected. See Logan v. State, 54 Texas Crim. Rep., 74, and other cases listed in Vernon's Texas Crim. Stat., Vol. 2, p. 356.

Pleas of former conviction and former acquittal were filed and read to the jury. In one of them the conviction of an offense similar to that for which the appellant was on trial was revealed to the jury. Appellant complains that the trial court failed to sustain the 'demurrer to these pleas before they were read to the jury. The court reserved his ruling upon the exception to the pleas until after he had heard evidence, and this was done upon the agreement of counsel. In the proceeding, as revealed by the bill as qualified, we perceive no error. There seems to have been no exception to the action of the court in refusing to submit the pleas to the jury.

A number of exceptions to the court's charge were presented. The evidence developed nothing unusual so far as it relates to the issues involved, and so far as we are able to perceive, the law would demand no charge other than that which was given by the court, which is the same in substance as that which has often been approved in submitting to the jury cases involving the same offense. The indictment contained but one count, and the truth of the averment that the appellant had sold intoxicating liquor upon the occasion in question to the witness, Tom Menefee, was the sole issue for decision by the jury and was properly submitted to them in the court's charge.

Appellant insisted that Menefee was an incompetent witness and introduced evidence endeavoring to show that the witness was insane. The court declined to submit to the jury the issue of the competency

of the witness but passed on to the jury, together with the evidence adduced upon the subject, the question of his credibility. The competency of Menefee to testify was for the court to decide. See Charles v. State, 81 Texas Crim. Rep., 457; Carter v. State, 87 Texas Crim. Rep., 299; Ruling Case Law, Vol. 28, p. 449, Sec. 36, and page 451, Sec. 38; State of Washington v. Pryor, 46 L. R. A. (N. S.), p. 1029, note; also Mills v. Cook, 57 S. W. Rep. 81. In Wharton's Crim. Ev., Vol. 1, p. 719, Sec. 357, it is said:

"Whatever may be the objection to the competency of a witness, whether interests, insanity, infancy, or public policy, if it goes to incompetency for the purpose of which the witness is called, it must be determined by the court."

There may be some exceptions to this rule, such as is illustrated by submitting to the jury the incompetency of a declarant to make a dying declaration. There are certain statutory conditions which render a witness incompetent. See Art. 788, C. C. P., also, Arts. 791, 794, and 795; also Art. 91, P. C. None of these exceptions obtain in the present case, and none are involved save that of insanity which is referred to in Art. 788, supra. The court in qualifying the appellant's bill complaining of its refusal to hold the witness Menefee insane, states that he heard evidence upon the subject and determined the witness competent. The appellant does not, in his bill of exceptions, bring up the evidence upon which the court acted, and, this court is without facts upon which to determine that the action of the trial court reflects an abuse of discretion. The evidence heard by the jury upon the whole case is before this court and in that nothing has been discerned or pointed out which would warrant this court in holding that the witness Menefee was incompetent as a matter of law. Clearly it was not incumbent upon the trial court to submit to the jury the question of the competency of the witness.

Several special charges addressed to the proposition that the competency of the witness Menefee was a question of fact for the jury were, in our judgment, properly refused.

A bill of exceptions, embracing the entire speech of the district attorney, covering seven pages of the record, is addressed to the proposition that in his remarks there was a reference to the failure of the appellant to testify. The particular remark has not been pointed out; nor have we perceived it.

The point is made against the verdict that there was a reference made to the former conviction of the appellant. A juror testified:

"While I was on the jury I learned that the defendant had been given a two years' sentence in another case. Some one mentioned it in the jury."

This fact was put before the jury by the appellant in his plea of former conviction, which he insisted on reading to the jury, and the mention of it by the jury cannot justly be made the basis of complaint.

Moreover, it appears that the matter was not mentioned until after the verdict was agreed upon. See Moore v. State, 52 Texas Crim. Rep., 341; Fox v. State, 53 Texas Crim. Rep., 155; Ferguson v. State, 253 S. W. Rep., 290; Wood v. State, 217 S. W. Rep., 1037; Hallmark v. State, 230 S. W. Rep., 697; Patterson v. State, 221 S. W. Rep., 601.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant's seventh bill of exception has again been considered by us and we find no reversible error therein.

We are unable to see how appellant can justly complain in another bill of exceptions that mention was made of his former conviction by the jury during their retirement, when the record shows that he insisted during the trial upon stating such fact to them. The same juror who testified as to such mention, says it occurred after the jury had voted guilty, but before the foreman had written out and signed the verdict.

We have again reviewed appellant's complaint of the overruling of his motion to quash the jury panel. Said motion in part refers to the interchangeable jury law passed in 1917, and in part to the jury wheel law of 1907. We are not led to believe that the attack on either of said statutes is supported in the record before us.

The motion for rehearing will be overruled.

*Overruled.*