## J. A. WATSON v. THE STATE.

No. 12589. Delivered May 22, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*Vickers & Campbell* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment two years in the penitentiary.

Appellant filed a motion for severance, setting up that he and one Davis were indicted separately for an offense growing out of the same transaction. When the matter was presented to the court, it is made to appear that the district attorney then stated in open court to the judge that he would elect in the prosecution of appellant to rely upon the transaction of a sale of intoxicating liquor; and that upon the trial of Davis he would elect to stand upon a charge of possession. It is further made to appear that this was actually done. Appellant was tried for the offense of selling intoxicating liquor,

and when the case against Davis was tried the State stood upon the count charging possession. These two offenses being different, we do not believe the motion for severance should have prevailed. Practically the same matters are discussed and decided adversely to appellant's contention in Hill v. State, 95 Texas Crim. Rep. 585, and French v. State, 98 Texas Crim. Rep. 578. The district attorney was an officer of the trial court. His election at the time the motion for severance was made and presented, then announced to the court, was of a matter within the power of the court to control, and was tantamount to placing appellant before the court for trial upon the offense of selling intoxicating liquor; also of placing before the court Davis as charged with and upon trial for only the offense of possession of intoxicating liquor. We do not understand it to be the prerogative of one accused of crime who may have a witness whom he desires to use, who is charged with an offense against the law, to require the State to try said witness before the trial of the accused. The election of the district attorney, as above stated, left Davis in the attitude of being charged with a different offense from that for which appellant was about to be tried. Appellant had no right to require that Davis be tried first under these facts.

The evidence seems ample to support the judgment, and no error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Where two persons are charged with different offenses it does not follow in all instances that they are entitled to a severance. The subject was discussed at some length in the case of Clark v. State, 81 Tex. Crim. Rep. 157. The purpose of Art. 727 (now Art. 651, C. C. P.) and its relation to the old Article 91 of the Penal Code and Art. 791, C. C. P., in dealing with the contention of the accused that one who was charged with theft and one who was charged with receiving stolen property came within the purview of the severance statute, it was said in the Clark case, supra:

"In our opinion article 727, Code of Criminal Procedure, was not intended to change any existing rule of evidence, or to modify article 791 of the same Code nor article 91 of the Penal Code, but was intended only to designate the procedure by which a defendant might make available to himself the testimony of one who was prohibited from testifying in his behalf by reason of Articles 791

and 91, supra, and that it has no application to this case because the persons charged with receiving stolen property were charged with a different offense from that which appellant was charged and the law did not forbid them from testifying for him. The transaction out of which appellant's offense grew was the taking of the property—the theft. The transaction out of which the offense with which the witnesses were charged grew was receiving the property after it was stolen."

See Patterson v. State, 105 Tex. Crim. Rep. 508; Cotton v. State, 92 Tex. Crim. Rep. 594.

The motion is overruled.

*Overruled.*