Robert Lonnell SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 38524.

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

No attorney of record of appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is burglary of a private residence at night; the punishment, thirty years.

The state's evidence shows that Mrs. Alice Armer, who was a widow, lived in an upstairs apartment of a private residence at 5327 Byers in the city of Fort Worth. On the night of January 18, 1964, Mrs. Armer left the apartment around 7 o'clock, p. m., in company with a male escort and a couple from Houston who were visiting her. After having dinner and attending the Jewel Ball, the four returned to the apartment about 3 o'clock, a. m. When they reached the head of the stairs, Mrs. Armer observed that the door of the apartment was open and a window by the door was broken. After going inside it was discovered that a safe, which contained approximately $50,-000 worth of jewelry and some money, was gone from a closet. Other articles, including a shotgun and a pistol, were also missing from the apartment. Three weeks later, some $45,000 worth of the jewelry and the pistol taken in the burglary were returned to Mrs. Armer by the police. The safe taken in the burglary was found in Lake Arlington.

It was shown by Mrs. Armer's testimony that she did not give anyone permission to break into her apartment and steal the property.

The testimony shows that on the morning after the burglary, detective Max Victor went to the home of Lizzie Stokes, a former maid in the Armer apartment, for the purpose of talking to her. Appellant and Stanley Smith were present and the detective

talked to them but did not arrest the appellant at that time.

Later, on February 12, detectives Victor and Middleton went to appellant's home and talked to him about the burglary. At such time, appellant delivered to the officers the pistol taken in the burglary. He was then placed under arrest and taken to jail.

Three hours later, appellant, after having been duly warned by detective Victor, made and signed a written confession in which he admitted having gone to Mrs. Armer's apartment on the night in question, with Lizzie Stokes and Stanley Smith, and burglarizing the place.

In his confession, appellant related that on the night of the burglary Lizzie Stokes came to his house and that Stanley Smith was already there. After they had talked about committing a burglary, Lizzie and Stanley left to go to Mrs. Armer's residence. In about forty-five minutes they returned and then all three got in Stanley's car and went to Mrs. Armer's apartment. Appellant stated that they all entered the apartment after Lizzie reached inside a broken panel and opened the door. When they entered, Lizzie began gathering various articles, including jewelry and the pistol, and stuffing them in a pillow case. Lizzie opened the closet door in the bedroom and either he or Stanley pried a strong box— which Mrs. Armer described as a safe— off the shelf. After the box and other articles had been taken to the car, the three drove to a motel, where the box, filled with jewelry, was opened. The jewelry was then placed in the pillow case and taken to and left at appellant's house. Appellant and Stanley then drove to Lake Arlington and threw the box in the lake. Appellant related that he carried the jewelry to Dallas and left it with George Marshall. He further related that he pawned the pistol taken in the burglary to Therman Harris but that he had recovered it from him before it was recovered by detectives Victor and Middleton at his home.

Testifying as a witness in his own behalf, appellant denied having committed the burglary. He also repudiated his written confession and swore that he did not voluntarily make the same.

When the confession was first offered by the state, the jury was retired and testimony was presented to the court on the question of its admissibility.

In the jury's absence, detective Victor testified that after he gave appellant the statutory warning, appellant proceeded to make the statement, which was typed by a secretary and signed by him. The officer swore that appellant gave the statement voluntarily.

Appellant testified that he did not give the statement voluntarily and swore that the reason he gave it was because he was told that if he did not do so a narcotic charge would be filed against him. He also stated that officers Middleton and Victor threatened to whip him if he did not give the statement and that they refused to let him call a lawyer.

Both officers Victor and Middleton denied having threatened appellant with a narcotic prosecution, or having in any way threatened him with physical violence. Detective Victor denied that appellant made any request for an attorney and stated that an attorney was not mentioned.

In the jury's absence, the court overruled appellant's objection to the confession and found it to have been given voluntarily and that appellant "was not denied any of his constitutional rights or due process."

After overruling appellant's objection to the confession, the jury was returned to the jury box and similar testimony was submitted on the question of the voluntary nature of the confession.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals. The issue as to the voluntary nature of the confession was also

submitted by the court under appropriate instructions.

 We perceive no error in the court's action in admitting the confession in evidence and in submitting to the jury the issue as to its voluntary nature.

The evidence is sufficient to sustain the judgment of conviction.

The record reflects that a motion for severance was filed by appellant, which the court overruled. In the motion, appellant alleged that certain cases were pending on the court's docket in which the defendants William J. Burns, Leroy Fields, Charles Douglas Price, and Lizzie Mae Stokes were separately indicted for an offense or offenses growing out of the same transaction for which appellant was indicted, and that their testimony was material for his defense. Appellant further alleged that there was not sufficient evidence against the defendants to secure their convictions and prayed that they be first tried in order that he might have the benefit of their testimony.

It was shown upon the hearing of the motion that the indictment against the defendant Lizzie Mae Stokes had been dismissed.

In view of such dismissal, the court did not err in refusing a severance as to her. Art. 653, Vernon's Ann.C.C.P.

It was further shown that the indictments pending against the defendants Burns, Fields, and Price charged the offense of receiving and concealing stolen property. These defendants being charged with a different offense from that charged against appellant, the court did not err in refusing appellant's request to sever as to them. 56 Tex.Jur.2d 355, Sec. 28; Watson v. State, 113 Tex.Cr.R. 210, 18 S.W.2d 648.

No error is perceived in the court's refusal to permit appellant to offer proof upon the main trial that the indictment against Lizzie Stokes had been dismissed.

She did not testify as a witness in the case and the dismissal of the indictment against her for burglary could have no bearing upon any issue in the case.

The judgment is affirmed.

Opinion approved by the Court.