**Clifford Travis MILLS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24042.**

United States Court of Appeals
Fifth Circuit.

July 7, 1967.

M. T. McDonald, Houston, Tex., for appellant.

Douglas M. Smith, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Fred L.

Hartman, James R. Gough, Asst. U. S. Attys., Houston, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Mills was convicted on a one count indictment for knowingly causing to be transported in interstate commerce a falsely made, forged, altered and counterfeited security in violation of Title 18 U.S.C.A. § 2314. From the judgment and sentence which were entered upon the jury verdict, Mills has appealed. We affirm.

Mills asserts that his Fifth and Sixth Amendment rights were violated because while he was under arrest and in custody of the Houston Police Department he made certain incriminating statements to an F.B.I. agent that were later admitted in evidence over Mills' objection that there was no effective warning given him concerning his right to counsel and his privilege against self incrimination.

The trial of this case took place before Miranda v. State of Arizona, 384 U.S. 436, 1966, 86 S.Ct. 1602, 16 L.Ed.2d 694, and the standard to be applied is the voluntary nature *vel non* of the statements concerned. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is, however, applicable since the trial took place after this decision. Johnson v. State of New Jersey, supra. The record is devoid of evidence of any coercion whatsoever. Mills " * * * effectively waived his absolute constitutional right to remain silent" prior to making any incriminating statement. *Escobedo*, 378 U.S. at 491, 84 S.Ct. at 1765. While he was not offered counsel as *Miranda* would now require, unlike *Escobedo* he neither requested nor was denied counsel. We conclude that the statement was voluntary and that there was a valid waiver of the right to remain silent and the right to consult counsel. Hintz v. Beto, 5 Cir. 1967, 379 F.2d 937.

Mills also contends that his motion for acquittal should have been granted because the government's evidence (independent of Mills' admissions to the F.B.I. agent) was insufficient to establish the *corpus delicti*. We disagree. There was evidence that the money order was cashed by Mills. The money order had been previously taken from its lawful possessor in blank and been falsely and without authority filled in so that it could be cashed. As we said in French v. United States, 5 Cir. 1956, 232 F.2d 736, " * * * the phrase *corpus delicti* includes but two elements: first, the fact of injury or loss; and secondly, the fact of *somebody's* criminality as the cause of the injury or loss. Furthermore, Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308, makes it clear that corroborative evidence need not be sufficient, independent of the confessions of the accused, to establish these two elements which constitute the *corpus delicti*." The evidence here abundantly meets these requirements.

Affirmed.