**Theodore JONES, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41826.**

Court of Criminal Appeals of Texas.

Feb. 5, 1969.

Rehearing Denied March 26, 1969.

Dixon, Alley & Petrovich, by George J. Petrovich, Jr., Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roland H. Hill, Tom Zachry and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim

D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, ten years.

The sufficiency of the evidence to sustain appellant's conviction as a principal in the robbery of James Hazelwood, owner and operator of a liquor store in Tarrant County, is challenged.

James Hazelwood testified that three men came into his liquor store about 11:20 A.M. Appellant came in after the other two had drawn their pistols, and stood near the door while they took money from the cash register and $63.00 in a money clip from Hazelwood's pocket, and left the liquor store just ahead of them. One of the robbers put the change from the cash register in a cigar box.

Ronald Young testified that four colored boys in a 1965 Fury "Plymouth Car, —white on the top and blue on the bottom," stopped near his driveway. One of them got out, walked up the street and looked down toward the liquor store, then walked back to the car and they drove away.

About five minutes later Ronald saw the same car park down the street from his house and "about a block and two houses up Lindsey behind the liquor store." Three of the four men got out and went down to the liquor store.

Ronald and his friend Larry were going toward the liquor store when the three men they had seen get out of the Plymouth were coming out, one of them carrying a cigar box.

Ronald gave Mr. Hazelwood the license number of the Plymouth.

Officer L. W. Rettig responded to the call from the liquor store and investigated the robbery.

Radio Patrolman David Golleher was watching a main artery where he thought the Plymouth car might come through. The car came into his view about noon. He radioed for help, gave chase and stopped the Plymouth.

He testified that there were four colored males in the car, one of whom was appellant.

As Officer Golleher stepped out of his patrol car a pistol and a money clip were thrown from the Plymouth. They were afterward retrieved by the officer.

The money clip with $63.00 in it was identified by Mr. Hazelwood and returned to him.

A black automatic pistol and a cigar box containing about eighty dollars in silver were found under the seat on the driver's side of the Plymouth. The cigar box and money, some of which was in rolls, was identified by Mr. Hazelwood and returned to him.

Mr. Hazelwood also identified the automatic pistol found in the car and the pistol thrown from the car as similar to the ones held by the robbers.

Appellant did not testify and offered no testimony at the trial on the issue of guilt or innocence.

■ We find the evidence sufficient to sustain the jury's finding that appellant acted with the robbers in the commission of the robbery and was a principal.

The remaining ground of error relates to argument of counsel for the state at the hearing before the jury on the issue of punishment, including the question of

whether appellant's application for probation should be granted.

Counsel's remark was:

"It is this type of man, if you please, that we feel will take some time in the penitentiary to rehabilitate him because of his past record over there in Dallas or—I don't mean record—I mean his general reputation."

Appellant's objection ". . . to the use of the word 'record' . . ." was sustained, the court stating also: "He withdrew it." And at appellant's request the court instructed the jury to "disregard the remark with reference to 'record' that counsel withdrew." Appellant then moved for a mistrial and the court overruled the motion.

The state offered several witnesses from Dallas, where appellant lived, who testified that his general reputation for being peaceable and law abiding was bad. One of these character witnesses was an Assistant District Attorney of Dallas County who, on cross-examination, testified that so far as he knew appellant had never been convicted of a felony offense.

Appellant called his mother who testified that he had never been convicted of a felony in this state or any other state, and he so swore in his application for probation.

Under the record we do not regard the inadvertent use of the word "record" as so prejudicial as to call for reversal. The sworn testimony before them being that appellant had never been convicted of a felony, the jury could hardly have construed the argument as suggesting that he in fact had a "criminal record."

The judgment is affirmed.

DOUGLAS, J., not participating.