Clarence **BILLINGSLEY**, Appellant,

v.

**STATE OF NEW JERSEY** and the Principal Keeper of the State Prison at Trenton, New Jersey.

No. 17392.

United States Court of Appeals Third Circuit.

Argued Feb. 4, 1969.

Decided April 3, 1969.

Ganey, J., dissented.

Cynthia M. Jacob, Asst. Deputy Public Defender, Newark, N. J., for appellant.

M. Richard Altman, Newark, N. J., Joseph P. Lordi, County Prosecutor of Essex County, Newark, N. J., for respondent (Donald S. Coburn, Asst. Prosecutor, on the brief).

Before KALODNER, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from a denial on the merits of appellant's petition for writ of habeas corpus by the district court. Appellant, Clarence Billingsley, was convicted in New Jersey Superior Court of first and second degree murders. He was sentenced to death for the first offense and thirty-years imprisonment for the second. Appellant's conviction was affirmed on appeal. State v. Billingsley, 46 N.J. 219, 216 A.2d 217 (1966). Appellant then filed a petition for a writ of habeas corpus in the district court, which was denied without prejudice for failure to exhaust his state remedies. After unsuccessfully exhausting his state remedies, appellant filed a second petition the denial of which he now appeals.

Appellant made two contentions in the district court, both of which centered around the introduction into evidence at his jury trial of certain oral statements he made to investigating police officers and to the State Prosecutor's Office. He contended that the statements were elicited from him as a result of physical violence by police officers and that the statements were made without his being advised by the authorities that he was entitled to be represented by counsel. The district court rejected both arguments and held that the admission of the oral statements was not a constitutional violation.

On appeal, appellant advances but one contention, that, even though he did not request an attorney, the failure to advise him of his right to have one before he made the oral statements in question rendered them inadmissible, since they were elicited in violation of his Sixth Amendment right to counsel. Since the statements were made in the pre-indict-

ment custodial stage, the Supreme Court rulings in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), which deal with statements made in the absence of counsel after indictment, are not available to appellant. Furthermore, it is agreed that Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), is applicable to this case, but that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is not, because appellant's trial, while commencing after the decision in Escobedo, began before the decision in Miranda was handed down. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).[1]

The sole legal issue before this court then is whether, under Escobedo, the failure to advise appellant of his right to counsel before interrogating him, even though he made no request for one, renders the statements made during the interrogation inadmissible. It is not disputed that appellant at the pertinent time did not request counsel, nor was he advised that he was entitled to legal representation.

We had occasion to pass upon the precise legal issue before us in United States ex rel. Russo v. New Jersey, 351 F.2d 429 (1965), and held that the right to counsel at the interrogation stage under Escobedo does not depend upon a request for one by the interrogated person. Since the trial in Russo commenced before the decision in Escobedo, however, our decision in effect gave a retroactive application to Escobedo. When the Supreme Court subsequently held in Johnson that Escobedo was not to be applied retroactively, it also vacated and remanded Russo, sub nom. New Jersey v. Russo, 384 U.S. 889, 86 S.Ct. 1914, 16 L.Ed.2d 995 (1966), on the authority of Johnson. We are therefore not bound by Russo, but are still confronted with

---

1. Appellant's trial commenced on November 16, 1964. Escobedo was handed down June 22, 1964, and Miranda, June 13, 1966. The Supreme Court in Johnson held that both Escobedo and Miranda are to be applied prospectively only to cases where the trial commenced after the dates of the respective decisions.

the question of the continuing vitality of its reasoning on the issue before us.

While we might otherwise follow the well reasoned view of Russo, we are constrained by the Supreme Court's later pronouncements in Miranda and more important in Johnson on the scope of Escobedo to abandon our prior interpretation in Russo.

The Court in Miranda laid down concrete constitutional guidelines for proper in-custody interrogation. It in effect resolved the dispute that arose after the Escobedo decision as to what the scope of the ruling was—whether the right to counsel at the interrogation stage was dependent upon a request for counsel or not. Under Miranda, the interrogating officers were given a positive duty to warn the suspect of his rights, thus eliminating the need for a request by the suspect to invoke his right to counsel. Still the Court in Miranda did not purport to state the actual holding in Escobedo. At that point in time, it could still be argued that the Miranda rule was only a restatement or clarification of the Escobedo decision. This position, however, was made untenable by the Supreme Court opinion in Johnson, coming only seven days after Miranda, for several reasons. First, the opinion in Johnson made clear that the holding in Escobedo was bottomed on the circumstances of the case which resulted in defendant's being denied his Sixth Amendment right to counsel and that one of these circumstances was that defendant had been denied his request for counsel. Secondly, the Court said that it was this precise holding, excluding its broad implications, which was available to defendants whose trials began after the decision in Escobedo. Finally, the Court held that Miranda was to be applied prospectively from the date of the Miranda decision and not retroactively from the date of the Escobedo decision. It did so expressly because it felt that the Miranda ruling was not anticipated by Escobedo, thereby negating any inference that the Miranda ruling as to the right of counsel was merely a restatement or clarification of the rule of Escobedo.[2]

We therefore conclude that the rule of Escobedo can only be invoked by a defendant who has requested and been denied counsel. Since he did not request counsel, appellant cannot avail himself of Escobedo. See Mills v. United States of America, 380 F.2d 335 (5th Cir. 1967) and Wilson v. Anderson, 379 F.2d 330 (9th Cir. 1967), rev'd on other grounds, sub. nom., Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968).

Although it may be thought to be unfortunate that the admissibility issue should be resolved on the seemingly for-

---

2. "Apart from its broad implications, the precise holding of Escobedo was that statements elicited by the police during an interrogation may not be used against the accused at a criminal trial,

'[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent * * *.' 378 U.S. at 490–491, 84 S.Ct. at 1765.

Because Escobedo is to be applied prospectively, this holding is available only to persons whose trials began after June 22, 1964, the date on which Escobedo was decided.

"As for the standards laid down one week ago in Miranda, if we were persuaded that they had been fully anticipated by the holding in Escobedo we would measure their prospectivity from the same date. Defendants still to be tried at the time would be entitled to strict observance of constitutional doctrines already clearly foreshadowed. The disagreements among other courts concerning the implications of Escobedo, however, have impelled us to lay down additional guidelines for situations not presented by that case. This we have done in Miranda, and those guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966." Johnson v. New Jersey, 384 U.S. at 733–734, 86 S.Ct. at 1781.

tuitous circumstance of when appellant's trial commenced, we think that the result is dictated by the Johnson decision.

The judgment of the district court denying appellant's petition for a writ of habeas corpus will be affirmed.

GANEY, J., dissents.