**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Franklin SECKLER,**
**Defendant-Appellant.**

**No. 29241**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1970.

---

* ▆ Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

**643**

Julia A. Gorcia, Laredo, Tex., (Ct. apptd.), for appellant.

Anthony J. P. Farris, U. S. Atty., Malcolm R. Dimmitt, James R. Gough, Asst. U. S. Attys., Houston, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Seckler appeals following his conviction under 18 U.S.C.A. § 922(g) (1).[1] Appellant's sole contention is that the district court erred in refusing to grant his motion for a directed verdict of acquittal, which was entered at the close of the Government's case and renewed after presentation of all the evidence. We affirm.

The parties do not dispute the facts in this case. On September 27, 1969, at approximately 5:00 a.m., Seckler drove from Mexico to the United States Customs Station in Laredo, Texas. There Customs Inspector Biamonte asked Seckler and his passenger, Ludlow, whether either had anything to declare. After both had replied in the negative, Inspector Biamonte searched the car. He discovered a pistol under the driver's seat. At Biamonte's request the two men then accompanied him into the customs sta-

tion. Special Agent Anderson questioned Seckler, who admitted having taken the gun from a drinking companion and having placed it under the driver's seat of the car in Waco, Texas, several days earlier.

At Seckler's trial Inspector Biamonte and Agent Anderson testified concerning the events delineated above. Moreover, the Government produced evidence of Seckler's previous criminal convictions. Taking the stand on his own behalf, Seckler denied that he had placed the pistol in his automobile and claimed ignorance as to how it had become lodged under the driver's seat. Subsequently he moved that the charges against him be dismissed because of insufficient evidence corroborating his prior admission. The trial court denied his motion.

 Smith v. United States, 1954, 348 U.S. 147, 151–157, 75 S.Ct. 194, 99 L.Ed. 192, and Opper v. United States, 1954, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101, clearly indicate that corroborative evidence need not be sufficient, independent of a confession or admission of an accused, to establish all elements of a crime allegedly committed. Indeed, the Government fulfills its duty when it introduces substantial independent evidence which tends to establish the trustworthiness of an accused's admissions. Of course, an admission coupled with independent corroborating evidence must ultimately be sufficient to justify a jury verdict of guilty beyond a reasonable doubt. Opper v. United States, *supra*, at 93, 75 S. Ct. 158. In other words, all elements of an offense must be established by independent evidence or corroborated admissions. However, one available mode of corroboration is utilized when independent evidence bolsters an admission and thereby proves the offense "through" the

[1]. 18 U.S.C.A. § 922(g) (1) provides:
It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprison-

ment for a term exceeding one year; to ship or transport any firearm or ammunition in interstate or foreign commerce.

accused's own statements. Smith v. United States, *supra*, at 156, 75 S.Ct. 194.[2]

■ Here the testimony of Inspector Biamonte and Agent Anderson, as well as the exhibits introduced by the Government, independently buttressed Seckler's admission that he had knowingly transported the pistol from Texas to Mexico. The trial court correctly denied Seckler's request for a directed verdict of acquittal.

Affirmed.

2. This and other circuits have consistently followed the *Opper-Smith* rule in similar cases. *E. g.*, Moll v. United States, 5 Cir. 1969, 413 F.2d 1233, 1238–1239; Mapys v. United States, 10 Cir. 1969, 409 F.2d 964, 967; Mossbrook v. United States, 9 Cir. 1969, 409 F.2d 503, 504–505; Mills v. United States, 5 Cir. 1967, 380 F.2d 335; Landsdown v. United States, 5 Cir. 1965, 348 F.2d 405, 409, 411; Caster v. United States, 5 Cir. 1963, 319 F.2d 850, 852, cert. denied, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973; French v. United States, 5 Cir. 1956, 232 F.2d 736, 738, cert. denied, 352 U.S. 851, 77 S.Ct. 73, 1 L.Ed.2d 62.