**Robert Lonnell SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38524.**

Court of Criminal Appeals of Texas.

July 28, 1971.

Jack Neal, Fort Worth (appointed to appeal), for appellant.

Frank Coffey, Dist. Atty., Grady Hight, Glenn Goodnight, Ann Delugach and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, thirty (30) years.

This is an out-of-time appeal. Our prior opinion in this case is reported in Tex.Cr. App., 395 S.W.2d 609. On this appeal the sole question is the voluntariness of the confession. This trial began January 20, 1965. Only Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, applies. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, does not. See Ex Parte Engle, Tex.Cr.App., 418 S.W.2d 671. As reflected by the original opinion of this cause, we find the following:

> "When the confession was first offered by the state, the jury was retired and testimony was presented to the court on the question of its admissibility.

> "In the jury's absence, detective Victor testified that after he gave appellant the statutory warning, appellant proceeded to make the statement, which was typed by a secretary and signed by him. The officer swore that appellant gave the statement voluntarily.

> "Appellant testified that he did not give the statement voluntarily and swore that the reason he gave it was because he

was told that if he did not do so a narcotic charge would be filed against him. He also stated that officers Middleton and Victor threatened to whip him if he did not give the statement and that they refused to let him call a lawyer.

"Both officers Victor and Middleton denied having threatened appellant with a narcotic prosecution, or having in any way threatened him with physical violence. Detective Victor denied that appellant made any request for an attorney and stated that an attorney was not mentioned."

After the aforesaid full hearing in the absence of the jury the trial court overruled the appellant's objection to the admissibility of the confession and said:

"Well, I'm going to rule that the voluntary nature of the statement was given voluntarily, and that this defendant was not denied any of his constitutional rights or due process."

Further, the trial court submitted the issue of whether or not the confession was voluntary to the jury over appropriate instructions. We hold that the record of this cause supports the trial court's actions governing the admissibility of the confession at the time of trial and that the evidence is sufficient to show the confession to have been voluntarily given.

Mills v. United States, 5 Cir., 380 F.2d 335, involved also a post-Escobedo and pre-Miranda confession. There the 5th Circuit Court of Appeals said:

"While he was not offered counsel as Miranda would now require, unlike Escobedo he neither requested nor was denied counsel. We conclude that the statement was voluntary and that there was a valid waiver of the right to remain silent and the right to consult counsel."

We again affirm this conviction. It is so ordered.

ODOM, J., not participating.