Raymond Lee CAVETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 47769.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Jerry T. Calhoun, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Don Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for robbery by assault. Punishment was assessed at thirty-five (35) years. The sufficiency of the evidence is challenged.

The record reflects that around 6:00 a. m. on July 19, 1972, the complaining witness, who lived alone and was manager of an apartment complex, was awakened by a noise in her studio apartment. She went downstairs armed with a .22 pistol and saw a man she later identified as Eugene Demouchette in the apartment office. The apartment had a business office on the downstairs floor. Demouchette pointed a shotgun at the witness and following a struggle he took the pistol from her. Demouchette took money out of the purse of the complaining witness while he kept the gun at her head. The witness was tied up with an electrical cord and then raped by Demouchette. After being raped she heard a voice on the top of the stairs and realized another man was in the apartment. She saw the top of the second man's head. The second man, who the State contends was appellant, put a pillow case over his head, came into the bedroom and also raped the witness. Shortly thereafter, both men left the apartment. The front door of the apartment had been broken open.

The complaining witness testified that a property search showed that a wristwatch, a .22 pistol, a stamp machine, an adding machine, two sets of master keys to the apartment complex, and money were taken during the robbery.

A fingerprint expert testified that a print lifted from an upstairs closet was made by the appellant. The complaining witness testified that she saw the second man near the closet.

The State's evidence shows that one set of keys, the stamp machine, the adding machine and the watch taken in the robbery were recovered as a direct result of appellant telling the investigating officers where the property was located.

■ In his first ground of error appellant contends the court erred in admitting any evidence showing that the complaining witness was raped because such testimony related to an inadmissible extraneous offense. We disagree.

The robbery and rape were committed by a continuous assault and were so interwoven as to be part of the same transaction. The evidence sought to be excluded was admissible under the res gestae rule. Nash v. State, 467 S.W.2d 414 (Tex.Cr.App.

1971); Walker v. State, 454 S.W.2d 415 (Tex.Cr.App.1970); Smallwood v. State, 464 S.W.2d 846 (Tex.Cr.App.1971); and Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884 (1959).

█ Appellant next complains that the trial court erred in admitting into evidence his alleged oral confession because, first, he made no such oral confession to the police and, further, that if such confession were given, it was coerced. No question is raised as to the adequacy of the warnings given appellant. The State argues that the oral statements made by appellant were admissible under Section 1(e) of Article 38.-22, Vernon's Ann.C.C.P., because such statements led the officers to the stolen property.

Out of the presence of the jury, a hearing was held on the admissibility of the oral confession made by appellant. The trial court determined that appellant had been properly warned, the statements were freely and voluntarily made, and the statements led to the recovery of the stolen property. Officers Ott and Ewton testified that appellant was not threatened in any way and no force or coercion was used against appellant during the questioning to get him to tell where the property was located. The property was recovered at different locations in the City of Houston. Appellant contends he did not tell the officers where the various items were located.

The trial court concluded that appellant's statements led to the recovery of the keys, the stamp machine, the adding machine and the watch. Also, the statements made by appellant were voluntarily made without threats or coercion of any type.

We hold that the evidence was sufficient to show that appellant's statements led the officers to the stolen property and that no coercion was used against appellant. Smith v. State, 467 S.W.2d 462 (Tex.Cr.

App.1971); Rayford v. State, 423 S.W.2d 300 (Tex.Cr.App.1968); and Encina v. State, 471 S.W.2d 384 (Tex.Cr.App.1971).

█ In his last ground of error appellant contends the robbery was consummated before the second man appeared at the top of the stairs and, since the complaining witness could not identify appellant, the evidence was insufficient to show that appellant was a principal in the robbery.

The record does not show at what point the various items of property were taken. It was shown that the pistol and money were taken immediately by Demouchette and, thereafter, both men raped the complaining witness.

Appellant's fingerprint was found on a closet where the complaining witness said she saw the man with the pillow case over his head. Officer Ott testified that appellant admitted he was involved in the offense. Officer Ewton testified that appellant stated that he went to the apartment to get the money out of the office. Appellant led the officers to the fruits of the crime. A witness testified he bought the stolen adding machine from appellant. There is evidence that appellant gave the stolen watch to his aunt. The complaining witness testified that she was in fear of her life and serious bodily injury during the robbery, and that the robbers did not have permission to take her property.

We hold that the evidence is sufficient to support the conviction. Smith v. State, 167 Tex.Cr.R. 217, 320 S.W.2d 12 (1959); Roberts v. State, 360 S.W.2d 883 (Tex.Cr.App.1961); McLaughlin v. State, 426 S.W.2d 244 (Tex.Cr.App.1968); and Jones v. State, 436 S.W.2d 151 (Tex.Cr.App.1969).

We have considered all grounds of error and all are overruled. The judgment of the trial court is affirmed.

Approved by the Court.